# UNITED STATES COURT OF APPEALS

## FOR THE NINTH CIRCUIT

---

HABEAS CORPUS RESOURCE CENTER, et al.,

*Plaintiffs-Appellees*,

*vs.*

UNITED STATES DEPARTMENT OF JUSTICE, et al.,

*Defendants-Appellants*.

---

**MOTION FOR LEAVE TO FILE
BRIEF AMICI CURIAE OF
MARC KLAAS AND EDWARD G. HARDESTY
IN SUPPORT OF APPELLANTS AND SUPPORTING REVERSAL**

---

Marc Klaas and Edward G. Hardesty respectfully move for leave to file a brief as amici curiae in this matter pursuant to Federal Rule of Appellate Procedure 29(a).

**INTEREST OF AMICI CURIAE**

Marc Klaas is the father of Polly Klaas. At the age of 12, Polly was kidnapped out of her own home in Petaluma, California, by Richard Allen Davis and murdered by him. Davis was sentenced to death, and his conviction and sentence have been upheld on direct appeal and state

1

habeas corpus. A federal habeas petition was filed on January 23, 2014, in *Davis v. Chappell*, U.S. Dist. Ct., N.D. Cal. No. 3:13-cv-00408. If Chapter 154 of title 28, United States Code had been implemented and California had been certified, the District Court would be required by law to complete these proceedings by April 20, 2015. Instead, they have barely begun.

Edward G. Hardesty is the brother of Tucson Police Officer Patrick Hardesty, who was murdered in the line of duty by John Montenegro Cruz. Cruz was sentenced to death, and his conviction and sentence have been upheld on direct appeal and state postconviction review. The Federal District Court for the District of Arizona stayed his execution and appointed counsel on May 30, 2013, in *Cruz v. Ryan*, No. 4:13-cv-00389. A petition for writ of habeas corpus was filed on May 1, 2014. If Chapter 154 had been implemented and Arizona's pending application approved, the District Court would be required by law to complete the proceedings by July 27, 2015. Instead, only the basic pleadings and early motions have been filed to date.

Amici are authorized to assert the interests of deceased victims under 18 U.S.C. § 3771(e). They have a "right to proceedings free from unreasonable delay," § 3771(a)(7), a right which extends to the federal habeas proceedings noted above. *See* § 3771(b)(2)(A). Unreasonable

2

delay in violation of victims' rights is presently the norm in capital habeas cases in both Arizona and California, with cases typically taking over four years for district court resolution alone.  *See* N. King, F. Cheesman, & B. Ostrom, Final Technical Report: Habeas Litigation in U.S. District Courts:  An Empirical Study of Habeas Corpus Cases Filed by State Prisoners Under the Antiterrorism and Effective Death Penalty Act of 1996, Figure 15, p. 42 & App. D (2007).  Chapter 154, if implemented, would require resolution by the district court in one year and three months.  *See* 28 U.S.C. § 2266(b)(1)(A).  Amici therefore have a strong interest in this case.

For the reasons explained in Appellant's Opening Brief in Mr. Klaas's intervention appeal, No. 14-15113, amici have a strong enough interest to intervene as parties as of right.

However, briefing on the merits of Mr. Klaas's protective notice of appeal from the final judgment, No. 14-16806, has been halted for the time being by a motion to dismiss filed by the Plaintiffs.  Because it is unknown when and whether that case will proceed to briefing on the merits, Mr. Klaas and Mr. Hardesty submit this brief as amici curiae to insure that at least some medium is available for their arguments.

An additional brief is desirable because there are matters related to the jurisdiction of the District Court and the shape of relief granted that are

not discussed in the Brief for Appellant. They include the limitations on the Attorney General's rule-making duty and authority, the application of the *Thunder Basin* rule to this case, the Plaintiffs' lack of standing under the "zone of interests" test, the violation of Federal Rule of Civil Procedure 19, and the failure of the District Court to consider the broader public interest in issuing an injunction.

Amici endeavored to obtain the consent of the parties before filing this motion. *See* Circuit Rule 29-3. The Government consented. The Plaintiffs' position is:

> "Appellees' position is that Mr. Klaas cannot simultaneously file merits briefs (Case No. 14-16806) and an amicus brief (Case No. 14-16928) in what amounts to the same action (insofar as the two appeals arise out of and address the same order). Accordingly, Appellees do not believe the court can adjudicate Mr. Klaas' motion until it has ruled on their motion to dismiss the appeal in Case No. 14-16806. They therefore take no position at this juncture. However, in the event the motion to dismiss the appeal is granted, Appellees would not oppose Mr. Klaas' motion to file an amicus brief. If the motion to dismiss the appeal is denied however, Appellees would not consent to the motion to file an amicus brief."

Given that the Plaintiffs/Appellees condition their consent on a decision that will not be rendered by the deadline for filing an amicus brief, this must be taken to be a withholding of consent for the purpose of Federal Rule of Appellate Procedure 29(a).

This brief was written entirely by counsel for amici and not by counsel for any party.  No party or party's counsel contributed money to prepare or submit this brief.  No other person contributed money to prepare or submit this brief.  The Criminal Justice Legal Foundation provided representation and covered incidental expenses.

February 18, 2015

>Respectfully submitted,
>
>s/KENT S. SCHEIDEGGER
>*Attorney for Amici Curiae*
>*Marc Klaas and Edward G. Hardesty*

# CERTIFICATE OF SERVICE

    I hereby certify that on this 18th day of February, 2015, I caused the foregoing motion and its accompanying brief to be electronically filed with the United States Court of Appeals for the Ninth Circuit, and served to counsel, via the ECF system.

<u>s/Kent S. Scheidegger</u>